ELIZABETH MORRISON, Respondent, v. A. H. GARRISON,
Appellant.

Kansas City Court of Appeals, February 8, 1892.

Evidence : REMOTE : COLLATERAL.  On the trial of an issue as to
whether plaintiff loaned defendant money, where the evidence
tended to show defendant secured the money to pay a debt he
owed E. who wanted it, it is not improper to refuse to let E. testify
that he did not desire defendant to raise and pay money to him, as
it was too remote, and raised collateral issues.

*Appeal from the Daviess Circuit Court.*—HON. C. H. S.
GOODMAN, Judge.

AFFIRMED.

*G. A. Chapman* and *J. F. Harwood*, for appellant.

No brief for respondent.

GILL, J.—This is a suit for money loaned. At the trial below. plaintiff had a verdict and judgment in her favor, and defendant appealed.

The claim on the part of the plaintiff rests upon about this state of facts, as testified to by her and her niece. That in December, 1888, defendant, a near neighbor, came to plaintiff and requested the loan of $100, saying at the time in substance that Dr. Eastman wanted that amount to pay taxes on property he owned in Kansas City ; that he ( defendant) owed him ( Eastman ) and must get the money .for the Doctor, etc. The niece, however, said nothing as to Dr. Eastman's possessions in Kansas City, but testified that defendant said that he wanted the $100 to pay Eastman. According to plaintiff's evidence she let defendant have the money, but no note was given. Defendant refused to pay, and hence this suit.

Defendant on the witness stand at the trial denied the entire story as related by the plaintiff, testified that he never got the money nor made any pretense of getting the money for Dr. Eastman. Defendant then put Dr. Eastman on the stand, and offered to prove by the witness "that at no time about December, 1888, did he inform the defendant Garrison that he desired him to raise money, the sum of $100, or any other sum, to pay it to him because he needed it to pay taxes on property in Kansas City, or any words to that effect." This proffered testimony was, on plaintiff's objection, excluded, and this action of the court is practically the sole error assigned and relied on for reversal.

We think there was no error in this ruling. This testimony was too remote. It could have no bearing on the main issue being tried. It was raising outside,

collateral issues. Besides it tended only to increase presumptions, raising one inference from another inference, which the law condemns. *Bigelow v. Railroad*, lately decided by us, and authorities cited.

Judgment affirmed. All concur.